UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENTA SETTLES<br>c/o Spangenberg, Shibley & Liber LLP<br>1001 Lakeside Ave. E., Ste. 1700<br>Cleveland, OH 44114<br><br>        Plaintiff,<br><br>    vs.<br><br>PATROLMAN MICHAEL MALAK<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>PATROLMAN ROBERT PITTS<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>PATROLMAN BRIAN REGOVICH<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>PATROLMAN ROB JARZEMBAK<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125<br><br>and<br><br>SERGEANT WILLIAM GALL<br>Garfield Heights Police Department<br>5555 Turney Road<br>Garfield Heights, OH 44125 | CASE NO. 1:20-cv-01288<br><br>JUDGE<br><br><br><br><br><br><br>**COMPLAINT**<br><br>*Demand for Jury Trial* |

| | |
|---|---|
| and | ) |
| | ) |
| LIEUTENANT TODD VARGO | ) |
| Garfield Heights Police Department | ) |
| 5555 Turney Road | ) |
| Garfield Heights, OH 44125 | ) |
| | ) |
| and | ) |
| | ) |
| CITY OF GARFIELD HEIGHTS | ) |
| c/o Tim Riley, Law Director | ) |
| 5407 Turney Road | ) |
| Garfield Heights, OH 44125 | ) |
| | ) |
| Defendants. | ) |

Now comes Plaintiff Kenta Settles and, for his Complaint against the above-named Defendants, states and avers as follows:

## STATEMENT OF FACTS

1. This is a civil rights case arising from an incident that occurred in Garfield Heights on January 23, 2020.

2. Kenta Settles is a 28-year-old father of three young boys.

3. He suffers from bipolar disorder, schizophrenia, PTSD, and ADHD, for which he takes prescription medication.

4. On January 23, Kenta took the public bus to Garfield Heights.

5. His plan was to pick up a refill of his medications from CVS and then head over to his brother's house to get hair clippers because the next day was Kenta's two-year-old son's birthday, and Kenta wanted to give him a birthday haircut.

6. The CVS appeared closed except for the pharmacy drive-thru lane, so Kenta stood in line there.

7. He realized he looked out of place, so he tried to let the driver of the car ahead know he was waiting to get his medication.

8. The driver responded by indicating he had a gun and laid on his horn.

9. Kenta got startled and walked away.

10. He was walking along the public sidewalk on Turney Avenue when the following incident, captured on multiple body cameras, occurred. (The body camera videos on a disc marked **Exhibit 1** are being manually filed.)

11. Defendant Michael Malak, a Garfield Heights police officer, barked orders at Kenta: "Come here. Hey. Police. You. Raise hands. Right here. You. Come here."

12. Kenta stopped walking and showed his empty hands.

13. Malak approached and, without explanation and without reasonable justification, grabbed Kenta's left arm and escorted him to the hood of a police car.

14. Defendant Robert Pitts, another Garfield Heights police officer, without reasonable justification, grabbed Kenta's right arm.

15. Pitts and Malak shoved Kenta against the hood of the car and then twisted his wrists and arms behind his back.

16. Pitts and Malak pushed and pulled Kenta and then tackled him to the ice-and-snow-covered ground.

17. Once Kenta was on the ground, Pitts immediately straddled and punched his head.

18. Malak drew his Taser and shot it in dart mode at Kenta's back while Kenta was curled up in a fetal position on the ground.



Malak's Taser

Malak's Taser wires

19. Pitts drew his Taser, too, and shot it in dart mode at Kenta's shoulder.

20. Kenta's body reacted to the electrocution: He rolled onto his back, and his right leg convulsed.



21. Malak and Pitts got back on top of Kenta.

22. Pitts grabbed Kenta's jaw and applied his Taser in drive-stun mode to Kenta's right shoulder; Malak drive-stunned Kenta at the same time.



Pitts's Taser

Malak's Taser

Pitts's left hand grabbing Kenta's jaw

5

23. Malak punched Kenta in the face; Kenta put his hand up to protect his face.



24. By now, Defendant Todd Vargo, a Lieutenant with the Garfield Heights Police Department, was lying on top of Kenta's legs.

25. With Kenta on the ground and Malak and Vargo piled on top of him, Pitts stood up, cocked his right leg back, and dropped his right knee into Kenta's upper body.



6

26. Pitts then bent over and punched Kenta three times in the head and face.



Pitts drawing his right arm back for a punch

27. Defendant William Gall, a Sergeant with the Garfield Heights Police Department, arrived as Pitts was kneeing and punching Kenta.

28. Gall deployed his Taser in drive-stun mode to Kenta's back.



29. The officers cuffed Kenta's hands behind his back.

30. With Kenta now handcuffed in a face-down prone position, Pitts, Vargo, and Defendant Brian Regovich, another Garfield Heights police officer, applied compressive downward force onto Kenta's shoulders, arms, back, and legs—for nearly two full minutes.



31. Defendant Rob Jarzembak, another Garfield Heights police officer, stood by and watched, as did Malak and Gall.

32. During and after the ordeal, the officers called Kenta a "motherfucker," a "fucking asshole," and a "fucking piece of shit."

33. When Kenta began crying, Malak called him a "baby."

8

34. When Kenta started talking (after he was cuffed and while pinned and pressed against the ground), Pitts yelled at him: "Shut the fuck up! You have the right to remain silent. Anything you say can and will be used against you in the court of law."

35. The officers eventually stood Kenta up.

36. He asked the officers: "Was that fair?"

37. At no point during the incident did Kenta possess or produce any weapon, verbally or physically threaten anyone, or otherwise pose any threat, real or perceived, to anyone. Nor did he act in any manner justifying the uses of force at issue.

38. Defendants' uses of force violated Kenta's clearly established constitutional rights.

39. All law enforcement officers would know that Defendants' uses of forces under the totality of the circumstances were objectively unreasonable, excessive, unjustified, outrageous and in violation of Kenta's clearly established constitutional rights.

40. Kenta sustained numerous physical injuries during the incident, including a chipped tooth, rotator cuff injury, and laceration near his right eye.

41. The officers falsely arrested Kenta, knowingly and wrongly accusing him of assaulting Malak during the incident and of obstructing official business.

42. As a result of the false accusations, Kenta was charged, indicted, and jailed until finally released on June 8, 2020.

43. Upon final resolution of the criminal charges in favor of Kenta, he intends to amend this Complaint to add state and federal claims for malicious prosecution, and to seek all compensable and punitive damages therefor.

44. Plaintiff now asserts claims against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak under 42 U.S.C. § 1983 for violating his clearly established rights to be

free from unreasonable searches and seizures and excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Plaintiff also asserts Section 1983 claims against Defendant City of Garfield Heights for its failure to train and supervise its law enforcement officers, including Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak, for promulgating unconstitutional customs, policies, and practices, which proximately caused the violations of Plaintiff's civil rights as alleged herein, for generally encouraging and endorsing unconstitutional excessive force of the type Plaintiff suffered, and for ratifying the unconstitutional conduct of their officers, including Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak.

46. Plaintiff also asserts Ohio state law claims for assault and battery, intentional infliction of emotional distress, and false arrest.

## JURISDICTION AND VENUE

47. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

48. Supplemental jurisdiction over the state law claims asserted herein exists pursuant to 28 U.S.C. § 1367.

49. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

50. Plaintiff is a citizen of the United States residing in the State of Ohio in the Northern District entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

51. At all relevant times, Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak are and were law enforcement officers employed by the City of Garfield Heights acting under color of law and within the course and scope of their employment.

52. At all times relevant, Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak are and were "persons" under 42 U.S.C. § 1983 and are being sued herein in their individual capacity.

53. Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak all reside in the State of Ohio in the Northern District of Ohio.

54. At all times relevant, the City of Garfield Heights was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Northern District of Ohio acting under the color of law.

55. Defendant City of Garfield Heights is a "person" under 42 U.S.C. § 1983.

56. Defendant City of Garfield Heights is responsible for the administration, operation, training, and supervision of law enforcement officers and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak Jacob Baker for Excessive Force and Failure to Intervene in Violation of the Fourth and Fourteenth Amendments)**

57. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

58. At the aforementioned time and place, Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak, acting under color of law, used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff, and stood by and watched with the ability to intervene as other officers used unnecessary, unreasonable, outrageous, and excessive force on Plaintiff, in violation

11

of Plaintiff's clearly established rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

59. Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak's uses of unnecessary, unreasonable, outrageous, and excessive force at the aforementioned time and place constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

60. Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would have known that the uses of force at issue violated Plaintiff's clearly established Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures and unreasonable uses of force.

61. Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak callously and recklessly disregarded Plaintiff's clearly established Fourth and Fourteenth Amendment rights.

62. As a direct and proximate result of the excessive and outrageous force in violation of Plaintiff's clearly established Fourth and Fourteenth Amendment rights, Plaintiff endured and suffered and continues to suffer extreme conscious physical, mental and emotional pain and suffering, pecuniary loss, and medical bills, including future medical bills.

63. At all times relevant, Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak were acting under color of law and within the scope of their employment and official duties as law enforcement officers employed by the City of Garfield Heights. Accordingly, pursuant to Ohio Revised Code § 2744.07, Defendant City of Garfield Heights must indemnify Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for their conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for:

    a. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for his injuries, damages and losses suffered;

    b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment; and

    d. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 Against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for False Arrest in Violation of the Fourth and Fourteenth Amendments)**

64. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

65. After Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak punched, kneed, and Tased Plaintiff, and after they applied (or watched as their fellow officers applied) compressive force to Plaintiff's shoulders, arms, back, and legs for nearly two full minutes after Plaintiff was restrained, they arrested Plaintiff without probable cause.

66. They knew Plaintiff had not committed any crime and had not assaulted Malak—or anyone—yet they arrested Plaintiff and perpetuated the falsehood that Plaintiff had assaulted Malak or somehow obstructed official business.

67. As a consequence of the false accusations, Plaintiff was criminally charged and indicted and spent over four months in jail.

68. As a result of these false charges, Plaintiff has incurred, and will continue to incur, fees and costs associated with his legal defense in the criminal case these Defendants caused to be initiated and allowed to persist.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for:

   a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the violation of his rights under the Fourth and Fourteenth Amendments;

   b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak alleged herein;

   c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment; and

   d. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

## THIRD CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Against Defendants Malak and Pitts for Unlawful/Unreasonable Search and Seizure in Violation of the Fourth and Fourteenth Amendments)**

69. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

70. Defendants Malak and Pitts, at the outset of the encounter with Plaintiff, seized and searched Plaintiff without permission or consent and without probable cause or reasonable suspicion that he had committed a crime or possessed a weapon, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments.

71. Defendants Malak's and Pitts's unlawful and unreasonable search and seizure constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

72. Reasonably prudent law enforcement officers would have known that the search and seizure described herein violated Plaintiff's clearly established constitutional right to be free from unreasonable and unlawful searches and seizures.

73. As a direct and proximate result of the Defendants Malak's and Pitts's search and seizure in violation of Plaintiff's constitutional rights, Plaintiff was forced to endure and suffer extreme physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak and Pitts for:

   e. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the violation of his rights under the Fourth and Fourteenth Amendments;

   f. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak and Pitts alleged herein;

   g. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgment and post-judgment; and

   h. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(42 U.S.C. §1983 Against Defendant City of Garfield Heights for Failure to Train and Supervise and for Unconstitutional Customs, Policies, and Practices Causing Constitutional Violations)**

74. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

75. Garfield Heights police officers have a known history of violating citizens' constitutional rights, including by using unreasonable and excessive force, about which the City of Garfield Heights was aware, to which, however, it was and is deliberately indifferent.

76. Defendant City of Garfield Heights was aware but deliberately indifferent to the fact that, prior to the subject incident, Garfield Heights police officers had used gratuitous and punitive force against civilians in obvious violation of the U.S. Constitution.

77. Defendant City of Garfield Heights has a pattern and practice of failing to adequately and properly train and supervise and investigate its police officers on the usually and known recurring circumstances likely to be faced by the officers, including, but not limited to, uses of force.

78. Defendant City of Garfield Heights promulgated and implemented customs and policies, written and unwritten, for hiring, training, retention, and supervision and investigation of Garfield Heights police officers on uses of force that, on their face, violate the Fourth and Fourteenth Amendments.

79. As a direct and proximate result of the customs and policies described herein, which violate the Fourth and Fourteenth Amendments and are otherwise implemented in a manner such that constitutional violations are substantially certain and likely to occur, Plaintiff's Fourth and Fourteenth Amendment rights were violated and he was forced to suffer and endure extreme physical, mental and emotional pain and suffering, pecuniary loss, medical bills, and legal fees and costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant City of Garfield Heights for:

    i. Compensatory damages, including medical bills and legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the injuries, damages and losses he suffered;

    j. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and interest, both pre-judgement and post-judgment; and

      k. All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

## FIFTH CLAIM FOR RELIEF
**(Assault and Battery Against Defendants Malak, Pitts, Vargo, Gall, and Regovich)**

80. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

81. On January 24, 2020, Defendants Malak, Pitts, Vargo, Gall, and Regovich threatened Plaintiff with bodily harm, which caused Plaintiff to be in fear of imminent peril.

82. Defendants Malak, Pitts, Vargo, Gall, and Regovich had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission or privilege, physically injure Plaintiff.

83. Defendants Malak, Pitts, Vargo, Gall, and Regovich assaulted and battered Plaintiff with malicious purpose and/or in a willful, reckless or wanton manner and therefore are not entitled to state-law immunity.

84. As a direct and proximate result of being assaulted and battered by Defendants Malak, Pitts, Vargo, Gall, and Regovich, Plaintiff endured and suffered extreme physical, mental and emotional pain and suffering.

85. At all times relevant, Defendants Malak, Pitts, Vargo, Gall, and Regovich were acting within the scope of their employment and official duties as law enforcement officers employed by the City of Garfield Heights. Accordingly, pursuant to Ohio Revised Code § 2744.07, Defendant City of Garfield Heights must indemnify Defendants Malak, Pitts, Vargo, Gall, and Regovich for their conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak, Pitts, Vargo, Gall, and Regovich for:

    l. Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for the injuries, damages and losses he suffered;

    m. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak, Pitts, Vargo, Gall, and Regovich alleged herein;

    n. Costs of suit and reasonable attorneys' fees and interest, both pre-judgement and post-judgment; and

    o. All such other relief to which the Plaintiff is entitled and/or this Court deems equitable.

## SIXTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress Against Defendants Malak, Pitts, Vargo, Gall, and Regovich)**

86. Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

87. At the aforementioned time and place, Defendants Malak, Pitts, Vargo, Gall, and Regovich either intended to cause emotional distress or knew or should have known that their actions would result in severe emotional distress to Plaintiff.

88. Defendants Malak, Pitts, Vargo, Gall, and Regovich conduct was so extreme and outrageous as to go beyond all possible bounds of decency and be utterly intolerable in a civilized society.

89. As a direct and proximate result of the extreme and outrageous conduct as alleged herein, Plaintiff endured and suffered psychic injury; and the mental anguish suffered by Plaintiff was serious and of a nature that no reasonable person could be expected to endure.

90. At all times relevant, Defendants Malak, Pitts, Vargo, Gall, and Regovich were acting under color of law and within the scope of their employment and their official duties as law enforcement officers employed by the City of Garfield Heights. Accordingly, pursuant to Ohio

Revised Code § 2744.07, Defendant City of Garfield Heights must indemnify Defendants Malak, Pitts, Vargo, Gall, and Regovich for their conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak, Pitts, Vargo, Gall, and Regovich for:

    p.  Compensatory damages, including medical bills, in an amount that will fully and fairly compensate Plaintiff for the injuries, damages and losses Plaintiff suffered;

    q.  Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak, Pitts, Vargo, Gall, and Regovich alleged herein;

    r.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgement and post-judgment; and

    s.  All such other relief to which Plaintiff is entitled and/or this Court deems equitable.

**SEVENTH CLAIM FOR RELIEF**
**(False Arrest Against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for False Arrest in Violation of Ohio law)**

91.    Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

92.    Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak detained and arrested Plaintiff based on the false accusations that Plaintiff assaulted Malak or somehow obstructed official business.

93.    Said detention and arrest were unlawful and without justification, as Defendants knew Plaintiff had not assaulted Malak—or anyone—and knew Plaintiff had not committed any crime or obstructed official business.

94.    As a consequence of Defendants' misconduct alleged herein, Plaintiff was criminally charged and indicted and spent over four months in jail.

95. Plaintiff has incurred, and will continue to incur, fees and costs associated with his legal defense in the criminal case these Defendants caused to be initiated and allowed to persist.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak for:

t. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate Plaintiff for the harms and losses he suffered, including emotional injuries and defamation to his reputation;

u. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants Malak, Pitts, Vargo, Gall, Regovich, and Jarzembak alleged herein;

v. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

w. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 11th day of June 2020.

> */s/ Jeremy A. Tor*
> DENNIS LANSDOWNE (Ohio Bar No. 0026036)
> NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
> JEREMY A. TOR (Ohio Bar No. 0091151)
> **SPANGENBERG SHIBLEY & LIBER LLP**
> 1001 Lakeside Avenue East, Suite 1700
> Cleveland, OH 44114
> (216) 696-3232
> (216) 696-3924 (FAX)
> *dlansdowne@spanglaw.com*
> *ndicello@spanglaw.com*
> *jtor@spanglaw.com*
>
> ***Counsel for Plaintiff***