# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KENTA SETTLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:20-cv-01631 |
| v. | ) |
| | ) |
| THE CITY OF GARFIELD HEIGHTS, | ) JUDGE SOLOMON OLIVER, JR. |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MOTION OF DEFENDANTS THE CITY OF GARFIELD HEIGHTS, PATROLMAN MICHAEL MALAK, AND PATROLMAN ROBERT PITTS TO CONSOLIDATE CIVIL ACTION NOS. 1:20-CV-01288-DCN AND 1:20-CV-01631-SO

Defendants, the City of Garfield Heights, Patrolman Michael Malak, and Patrolman Robert Pitts, respectfully move this Honorable Court for an order pursuant to Fed. R. Civ. P. 42(a) and Local Rule 3.1 consolidating the above-captioned civil action with *Settles v. Malak, et al.*, N.D. Ohio Case No. 1:20-cv-01288-DCN. This Motion is made without prejudice to Defendants' contemporaneously filed Motion to Dismiss the above-captioned matter for failure to state a claim upon which relief can be granted. Although Defendants believe that the above-captioned matter should be dismissed outright, Defendants are filing this Motion in the event this Court (in conjunction with Judge Nugent) deems it appropriate to order consolidation in lieu of or prior to ruling on Defendants' Motion to Dismiss.

A Memorandum in Support of this Motion is attached hereto and incorporated by reference herein.



Dated: July 29, 2020

Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
Justin M. Lovdhal (0096958)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH 44308
Phone: (330) 253-5060
Fax: (330) 253-1977
E-mail: djrudary@bmdllc.com
jmlovdahl@bmdllc.com

Robert A. Hager (0040196)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Ste. 3270
Cleveland, OH 44114
Telephone: (216) 658-2155
Facsimile: (216) 658-2156
Email: rahager@bmdllc.com

Timothy J. Riley (0042007)
Office of the Law Director
City of Garfield Heights
5407 Turney Road
Garfield Heights, OH 44125
Telephone: (216) 475-0824
Facsimile: (216) 475-1124
Email: triley@garfieldhts.org

*Counsel for Defendants the City of Garfield Heights, Michael Malak, and Robert Pitts*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Daniel J. Rudary*
*Counsel for Defendants the City of Garfield Heights, Michael Malak, and Robert Pitts*

4821-9583-1749, v. 1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENTA SETTLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:20-cv-01631 |
| v. | ) |
| | ) |
| THE CITY OF GARFIELD HEIGHTS, | ) JUDGE SOLOMON OLIVER, JR. |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DEFENDANTS THE CITY OF GARFIELD HEIGHTS, MICHAEL MALAK, AND ROBERT PITTS TO CONSOLIDATE CIVIL ACTION NOS. 1:20-CV-01288-DCN AND 1:20-CV-01631**

Defendants, the City of Garfield Heights ("Garfield Heights" or "the City"), Patrolman Michael Malak ("Ptl. Malak"), and Patrolman Robert Pitts ("Ptl. Pitts") (collectively "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to consolidate the above-captioned civil action with 1:20-cv-01288-DCN, currently pending before the Honorable Judge Donald Nugent.

**STATEMENT FACTS AND PROCEDURAL HISTORY**

On June 11, 2020, Plaintiff Kenta Settles ("Settles") filed an action in this Court captioned *Settles v. Malak, et al.*, N.D. Ohio No. 1:20-cv-01288-DCN (hereinafter, "*Settles* I"). *Settles* I was assigned to Judge Donald Nugent and remains pending before Judge Nugent as of this filing. In brief, *Settles* I alleges that several police officers employed by the City of Garfield Heights (including Ptl. Malak and Ptl. Pitts) used excessive force in violation of the Fourth Amendment when Settles was arrested on the night of January 23, 2020.

In response to the *Settles* I Complaint, Ptl. Malak and Ptl. Pitts filed an Answer and Counterclaim on July 14, 2020. The Counterclaim alleges that Settles assaulted and battered Ptl. Malak and Ptl. Pitts, and further injured them by engaging in the criminal acts of assault, obstruction of official business, and resisting arrest.

In direct response to Ptl. Malak's and Ptl. Pitts' Counterclaim, Settles filed the above captioned civil action, referred to herein as "*Settles* II." *Settles* II alleges that by filing their Counterclaim in *Settles* I, Ptl. Malak and Ptl. Pitts retaliated against Settles for filing his excessive force lawsuit in violation of the First Amendment of the United States Constitution and 42 U.S.C. § 1983.

Despite the clear relationship between the two actions, Settles' counsel failed to disclose that this case is related to *Settles* I on the civil cover sheet filed with the *Settles* II Complaint. *See* Civil Cover Sheet (Doc #: 1-1). Undoubtedly, *Settles* I and *Settles* II are directly related and deeply intertwined actions. For the following reasons, and if not dismissed outright pursuant to Defendants' contemporaneously filed Motion to Dismiss, *Settles* II should be consolidated with *Settles* I before Judge Nugent.

**ARGUMENT**

**I.     Fed. R. Civ. P. 42 Empowers this Court to Consolidate Related Cases in the Interests of Judicial Economy**

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate two actions if they "involve a common question of law or fact." *See Columbia Gas Transm. v. Interden Industries, Inc.*, N.D.Ohio No. 1:08 CV 1493, 2010 WL 11664964, *1. The Sixth Circuit has identified several factors that the court should consider when deciding whether or not to order consolidation:

> [W]hether the specific risks of prejudice [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (internal citation omitted).

Consolidation is proper when two cases arise from the same series of events and involve the same underlying grievance. *Murray v. Bank One*, 1986 U.S. Dist. LEXIS 25251, 4 (S.D. Ohio May 21, 1986). "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir.1992). A district court enjoys broad discretion to consolidate cases. *FTC v. Integration Media, Inc.*, 2009 WL 2602190, at *1 (N.D. Ohio Aug. 24, 2009).

## II. Application of the *Cantrell* Factors Supports the Consolidation of this Case with *Settles* I

The above factors set forth by the Sixth Circuit in *Cantrell* support consolidation of the above-captioned matter with *Settles* I. First, *Settles* I and *Settles* II involve the same parties and common questions of law and fact. Indeed, *Settles* II arises directly from the assertion of a counterclaim by two individual officer defendants in *Settles* I.

Second, allowing *Settles* I and *Settles* II to proceed before different district judges creates the risk of inconsistent rulings of common factual and legal issues. Specifically, *Settles* II alleges that Ptl. Malak and Ptl. Pitts retaliated against Settles by filing their Counterclaim in *Settles* I in violation of his First Amendment rights. To succeed on this claim, Settles must demonstrate that Ptl. Malak's and Ptl. Pitt's Counterclaim in *Settles* I was not supported by probable cause. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1306 (11th Cir.2019) (holding that "the presence of probable cause will generally defeat a plaintiff's § 1983 First Amendment retaliation claim predicated on an underlying civil lawsuit, or counterclaim for that matter."). "Probable

3

cause" is defined in this context as the "reasonable belief that there is a chance that a claim may be held valid upon adjudication." *Id.* at 1300–01 (*quoting Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63 (1993)). This inquiry will require this Court to make factual and legal findings regarding Ptl. Malak's and Ptl. Pitts' Counterclaim at the same time that Judge Nugent adjudicates the Counterclaim on the merits. This could result in inconsistent rulings on common factual and legal questions.

Finally, the parties and the Court's time and resources would be strained and burdened by having to litigate related claims in two separate actions before two different district judges. This would result in duplicative discovery, additional motion practice, and unnecessary costs for both parties that could be avoided. Judicial economy is served by consolidating the two actions. Given the early procedural posture of *Settles* I, there is no burden on the parties to consolidate the above-captioned matter with 1:20-cv-01288-DCN.

## CONCLUSION

Pursuant to the argument and authorities cited herein, this Honorable Court should grant Defendants' Motion to Consolidate and order that the above-captioned action be consolidated with 1:20-cv-01288-DCN pending before Judge Nugent.

Dated: July 29, 2020                    Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
Justin M. Lovdahl (0096958)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Phone:     (330) 253-5060
Fax:         (330) 253-1977
E-mail:    djrudary@bmdllc.com
             jmlovdahl@bmdllc.com

4

Robert A. Hager (0040196)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Ste. 3270
Cleveland, OH 44114
Telephone:	(216) 658-2155
Facsimile:	(216) 658-2156
Email:	rahager@bmdllc.com

Timothy J. Riley (0042007)
Office of the Law Director
City of Garfield Heights
5407 Turney Road
Garfield Heights, OH 44125
Telephone:	(216) 475-0824
Facsimile:	(216) 475-1124
Email:	triley@garfieldhts.org

*Counsel for Defendants the City of Garfield Heights, Michael Malak, and Robert Pitts*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ *Daniel J. Rudary*
> *Counsel for Defendants the City of Garfield*
> *Heights, Michael Malak, and Robert Pitts*

4810-5039-9685, v. 1