UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENTA SETTLES, | ) | CASE NO. 1:20-CV-01288-DCN |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| MICHAEL MALAK, *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO CONSOLIDATE**

Plaintiff Kenta Settles opposes Defendants' motion to consolidate. Consolidation is not warranted because the two cases arise from different facts, involve different legal issues, and will entail distinct discovery.

The first case (1:20-CV-1288-DCN) arises from an incident that occurred on January 23, 2020 during which Plaintiff was subjected to excessive force, falsely arrested, forced to spend months in jail, and required to defend against resulting criminal charges. The damages persisted at least until the prosecutor's office viewed the body camera footage of the incident and promptly dismissed the charges. The first case is predicated, principally, on a violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and includes civil rights claims against the individual officers and against the City of Garfield Heights under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Discovery will center around the facts and circumstances of the January 23 incident; Plaintiff's physical and emotional injuries arising from the force used against him and the months he spent in jail; the dismissed criminal case; and Garfield

Heights' use-of-force policies, procedures, training, and supervision. *See* Doc. #: 15, Case: 1:20-cv-1288-DCN (jointly filed discovery plan).

The second case (1:20-cv-1631-SO) does ***not*** arise from the January 23 incident or the dismissed criminal case; it arises from the counterclaims filed against Plaintiff on July 14. The cause of action asserted in the second case is based on a violation of Plaintiff's First Amendment rights, including his right to petition the government for redress of grievances without fear of punishment or reprisal and his right of free speech. The second case is against only three of the seven defendants named in the first case: City of Garfield Heights; Michael Malak; and Robert Pitts. Discovery will involve the facts and circumstances surrounding their decision to file counterclaims, including the following topics:

- When, and ultimately why, did Defendants decide to pursue civil claims against Mr. Settles?

- Who participated in that decision?

- What were Defendants' motivations in pursing civil claims against Mr. Settles when they did?

- Who is paying the legal fees to pursue the counterclaims? Is it the City of Garfield Heights? If so, did the Mayor and City Council authorize the financing of the counterclaims with public money?

- Have the defendant-officers ever filed civil claims against citizens for on-the-job injuries?

- Has any Garfield Heights police officer ever filed civil claims against citizens for on-the-job injuries?

To be sure, there will be some degree of overlap of discovery between the two cases, as Defendants point out in their motion, but that is not uncommon and is not a sufficient basis for consolidation. *See LSP Techs., Inc. v. Metal Imp. Co. LLC*, No. 2:10-CV-00526, 2010 WL 3447834, at *2 (S.D. Ohio Aug. 30, 2010) (denying consolidation even though "discovery could

overlap"); *Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, No. 1:06cv1967, 2006 WL 3304218, at *2 n. 1 (N.D.Ohio Nov.13, 2006) (denying consolidation and noting that "to the extent that [the parties] will be engaging in the same discovery for their respective cases, those discovery efforts can be coordinated by the parties whether or not those actions are formally consolidated"). Any hypothetical benefit of consolidating the cases to make discovery more efficient would be substantially outweighed by countervailing concerns. Indeed, the first case and counterclaims have their own complexities; adding a case with a completely distinct legal theory and constitutional claim will undoubtedly cause confusion for the jury.

Case law confirms the two lawsuits are different and do not arise out of the same occurrence or transaction. In *Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422 (8th Cir. 1986), the plaintiffs, who owned a farm, filed suit for injunctive relief and damages against their city's sewer commission because sewage was entering the groundwater and polluting the farm's only source of water. The commission filed a counterclaim to condemn the farm. The plaintiffs subsequently filed a second lawsuit claiming the city and the commission filed the counterclaim as a tactical move to retaliate against them, in violation of their First Amendment right of access to the courts. The court of appeals, which found the complaint to state a valid claim under 42 U.S.C. § 1983 and the First Amendment, explained in clear terms that the first and second lawsuits were completely different:

> [W]e have essentially two different cases. The first was a condemnation counterclaim based ostensibly on a perceived public purpose. The second is a section 1983 claim based on an alleged infringement of the constitutional right of access to the courts. It is difficult for us to see how the Harrisons' claim arose out of the same transaction or occurrence as the Commission's condemnation counterclaim. Indeed, the two claims did not arise out of the same transaction or occurrence, but rather one was born from the other.

*Id.* at 1433 (internal quotation marks omitted).

Defendants claim there is a "risk of inconsistent rulings of common factual and legal issues" and assert that, to succeed on the retaliation claim, "Settles must demonstrate that Ptl. Malak's and Ptl. Pitt's Counterclaim in *Settles* I was not supported by probable cause." Doc #: 5-1, PageID #: 144. That is not accurate, as Plaintiff will explain more fully in his forthcoming brief in opposition to Defendants' motion to dismiss. First, the "lack of probable cause" is generally an element of a retaliatory arrest or retaliatory prosecution claim, as the Supreme Court explained last year in *Nieves v. Bartlett*, 139 S.Ct. 1715 (2019).[1] That is because probable cause is always required before an arrest or a prosecution can be lawful. But probable cause is not a feature of the civil justice system and therefore not an essential element of a First Amendment claim based on a retaliatory civil claim. *See Harrison*, 780 F.2d 1422 (counterclaim); *Greenwich Citizens Comm., Inc. v. Ctys. Of Warren & Wash. Indus. Dev. Agency*, 77 F.3d 26 (2d Cir. 1996) (counterclaim); *Bell v. Sch. Bd. Of Norfolk*, 734 F.2d 155 (4th Cir. 1984) (civil declaratory judgment action).

But even if Defendants are right that the "lack of probable cause" is generally an element of a First Amendment lawsuit based on a retaliatory counterclaim, there is an exception, as set forth in *Nieves*: "[W]e conclude that the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." 139 S.Ct. at 1727. Applying that rule here (assuming it is even applicable), Plaintiff would have a valid First Amendment claim by presenting objective evidence that he was sued by Garfield Heights police officers when otherwise similarly situated individuals not engaged in the same First Amendment

---

[1] Incidentally, Justice Gorsuch's concurring/dissenting opinion has a helpful discussion of the conceptual and practical differences between a Fourth Amendment claim and a First Amendment claim, confirming Plaintiff's two lawsuits are fundamentally different. *Nieves*, 139 S.Ct. at 1730-34.

4

activity (*i.e.*, filing a civil lawsuit) were not sued by the officers. Plaintiff intends to present such evidence.

For the foregoing reasons, Defendants' motion to consolidate should be denied.

                                              Respectfully Submitted,

                                              */s/ Jeremy A. Tor*
                                              DENNIS LANSDOWNE (Ohio Bar No. 0026036)
                                              NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
                                              JEREMY A. TOR (Ohio Bar No. 0091151)
                                              **SPANGENBERG SHIBLEY & LIBER LLP**
                                              1001 Lakeside Avenue East, Suite 1700
                                              Cleveland, OH 44114
                                              (216) 696-3232
                                              (216) 696-3924 (FAX)
                                              *dlansdowne@spanglaw.com*
                                              *ndicello@spanglaw.com*
                                              *jtor@spanglaw.com*

                                              ***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of July 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF Systems.

/s/ Jeremy A. Tor
DENNIS LANSDOWNE (Ohio Bar No. 0026036)
NICHOLAS A. DICELLO (Ohio Bar No. 0075745)
JEREMY A. TOR (Ohio Bar No. 0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*dlansdowne@spanglaw.com*
*ndicello@spanglaw.com*
*jtor@spanglaw.com*

***Counsel for Plaintiff***