IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENTA SETTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 1:20-cv-01288 |
| v. | ) | |
| | ) | |
| MICHAEL MALAK, *et al.*, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE CIVIL ACTION NOS. 1:20-CV-01288-DCN AND 1:20-CV-01631-SO**

Defendants, the City of Garfield Heights ("Garfield Heights" or "the City"), Patrolman Michael Malak ("Ptl. Malak"), and Patrolman Robert Pitts ("Ptl. Pitts"), respectfully submit this Reply Memorandum in support of their Motion to Consolidate civil action nos. 1:20-cv-01288-DCN and 1:20-cv-01631-SO.

I.     **REPLY ARGUMENT**

    A.     **Plaintiff Offers No Explanation – Much Less Any Justification – For Failing to Identify *Settles* II as Being Related to *Settles* I.**

As an initial matter, Plaintiff's Brief in Opposition to Defendants' Motion to Consolidate fails to offer any justification for why he decided *not* to identify *Settles* II as being "related" to *Settles* I at the time his second suit was filed on July 23, 2020. *See Settles II* Civil Cover Sheet (*Settles* II Doc #: 1-1, PageID #: 10) (omitting any reference to *Settles* I as a "related" case). This is in spite of the fact that the instructions appended to this Court's form civil cover sheet explain, "If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases." *Id.* (*Settles* II Doc #: 1-1, PageID #: 12).

1

While Plaintiff may not believe that consolidation is proper, it strains credulity to argue that *Settles* I and *Settles* II are not *related*. See Black's Law Dictionary (11th ed. 2019) (defining "Related" as "Connected in some way; having relationship to or with something else."). Therefore, at very least, *Settles* II should be reassigned to Judge Nugent as a related case. *See* LR 3.1(b)(3) ("A case may be re-assigned as related to an earlier assigned case with the concurrence of both the transferee and the transferor Judicial Officers, with or without a motion/notice by counsel."). Plaintiff should not be allowed to obtain the tactical advantage of forcing Defendants to litigate on two fronts before two district judges simply because he failed (intentionally or not) to properly designate *Settles* II as a related action.

**B. Plaintiff's Argument Ignores the Substantially Intertwined Merits Determinations that Judge Nugent and Judge Oliver Will Be Required to Make Regarding the Same Factual and Legal Questions.**

On the merits, Plaintiff's argument practically ignores the fact that if consolidation (or, at very least, reassignment) is not ordered, Judge Nugent and Judge Oliver will *both* be required to address the merits of Ptl. Malak's and Ptl. Pitts' Counterclaim in separate, parallel proceedings. Indeed, the most recent (and, Defendants would argue, the most persuasive) circuit court opinion to address a "retaliatory" civil lawsuit or counterclaim in the context of 42 U.S.C. § 1983 held that to prevail on such a claim, the plaintiff must plead and prove that a government official initiated civil proceedings *without probable cause*. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1306 (11th Cir.2019) ("the presence of probable cause will generally defeat a plaintiff's § 1983 First Amendment retaliation claim predicated on an underlying civil lawsuit, or counterclaim for that matter.").[1] In the civil context, this is defined as "a reasonable belief that there is a chance

---

[1] While Plaintiff suggests that this is "not accurate" because "probable cause is not a feature of the civil justice system," Plf.'s Br. in Opp. (Doc #: 20, PageID #: 200), he is mistaken. As discussed in *DeMartini*, the closest analog to a claim for First Amendment "retaliation by counterclaim" at the time 42 U.S.C. § 1983 was enacted in 1871 was the common law tort of wrongful civil proceedings. *DeMartini,* 942 F.3d at 1308. To prevail on such a claim, the plaintiff must

2

that a claim may be held valid upon adjudication." *Id.* at 1300-01 (*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63 (1993)). Applying this standard, the *DeMartini* court went to great lengths to analyze the merits of the defendant city's civil suit to determine whether it lacked probable cause such that it could form the basis for a viable First Amendment retaliation claim. *See id.* at 1300-1304.

While Settles' Brief in Opposition all but ignores *DeMartini*, he gave an apparent nod to its "probable cause" standard by expressly averring that Ptl. Malak's and Ptl. Pitts' Counterclaim "lack[s] probable cause." *See Settles* II Complaint (Doc #: 18-2) at ¶ 27 (alleging, "[t]hese counterclaims, **which lack probable cause**, were the product of a joint and coordinated effort amongst the City of Garfield Heights, including its agents and representatives, including the City's Law Director, and the Officer Defendants.") (emphasis added). The *Settles* II Complaint also alleges that Plt. Malak's and Plt. Pitts' allegation that Settles punched Ptl. Malak in the face is false. *See id.* at ¶ 22.[2]

Having expressly alleged that Ptl. Malak's and Ptl. Pitts' Counterclaim in *Settles* I was filed without probable cause and contains false allegations of fact, it is disingenuous for Plaintiff to argue (as he now does) that the merits of the Counterclaim are totally irrelevant to his claim for First Amendment retaliation. As Plaintiff would have this Court believe, the only issues presented by his claim for First Amendment Retaliation are Defendants' motives for asserting their compulsory counterclaims. *See* Plf.'s Br. in Opp. (Doc #: 20, PageID #: 198). Defendants are not aware of any case standing for this proposition, and Plaintiff has not cited to one. Indeed, each of

---

show that the defendant initiated civil proceedings "**without probable cause**, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based." *Id.* at 1308-09 (emphasis added).

[2] This is in spite of the bodycam footage showing otherwise. *See* Gall Bodycam Video (Doc #: 3) at 0:07-0:12. It helps to play this portion of the video in "slow motion" to see Settles throw not one *but two* right hooks directly at Ptl. Malak's face.

the pre-*DeMartini* circuit court decisions cited in Plaintiff's brief gave some consideration to whether the underlying civil suit or counterclaim was frivolous as a predicate to determining whether it was "retaliatory." *See DeMartini*, 942 F.3d at 1298-1300 (analyzing the *Greenwich Citizens*, *Harrison*[3], and *Bell* decisions cited in Plaintiff's Brief in Opposition). Courts addressing similar theories of "retaliation by counterclaim" in the context of employment discrimination, FMLA, and FLSA suits have likewise held that the "retaliatory" nature of an employer's counterclaim must be determined with reference to its underlying merit. *See, e.g., Rosania v. Taco Bell of America, Inc.*, 303 F.Supp.2d 878, 886 (N.D.Ohio 2004) (holding that a "retaliatory" counterclaim "must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits."); *Ambs v. Sir Home Imp.*, W.D. Mich. No. 1:11–cv–332, 2012 WL 1909355, *5 (May 25, 2012) ("Plaintiff's claim for 'retaliatory counterclaim' hinges on […] **the merits of the counterclaim** and whether there was retaliatory animus in filing the counterclaim for overpayment of commissions.") (emphasis added). As such, Defendants foresee no circumstance under which Judge Oliver will not be required to address the merits of Ptl. Malak's and Ptl. Pitts' Counterclaim in *Settles* I as a predicate to determining the viability of Plaintiff's retaliation claim in *Settles* II.

At the same time as Judge Oliver is addressing the merits of the *Settles* I Counterclaim in *Settles* II, Ptl. Malak and Plt. Pitts will be prosecuting their Counterclaim before Judge Nugent in *Settles* I. Plaintiff will presumably defend against Plt. Malak's and Ptl. Pitts' Counterclaim in *Settles* I by arguing that the Counterclaim is without factual or legal merit. As such, two district

---

[3] In his Brief in Opposition, Plaintiff cites to *Harrison* for the proposition that *Settles* I and II are "essentially two different cases." Plf.'s Br. in Opp. (Doc #: 20, PageID #: 199) (quoting *Harrison*). However, Plaintiff fails to mention that *Harrison* was not addressing the question of consolidation under Fed. R. Civ. P. 42. Rather, that case concerned whether the plaintiff's First Amendment retaliation claim was a compulsory counterclaim to a prior state court proceeding. *See Harrison v. Springdale Water & Sewer Com'n*, 780 F.2d 1422, 1430-34 (8th Cir.1986).

judges will be required to make the same determinations regarding the factual and legal issues presented in Ptl. Malak's and Ptl. Pitts' Counterclaim. The risk that this could lead to inconsistent determinations cannot be overstated.

For example, and assuming *Settles* I and *Settles* II are not consolidated and proceed to separate jury trials, the parties will inevitably dispute which action should be tried first. Defendants will likely argue that *Settles* I should be tried first so the merits of Ptl. Malak's and Ptl. Pitts' Counterclaim can be decided before those officers stand trial for essentially asserting a sham counterclaim in *Settles* II. Conversely, Plaintiff may wish to try *Settles* II first so he can try to prove that Ptl. Malak's and Ptl. Pitts' Counterclaim is a sham before he has to defend against it in *Settles* I. Regardless of which case is tried first, Judge Nugent and Judge Oliver will have to decide what (if any) preclusive effect a judgment in either case will have on the issues raised in the other (following, no doubt, extensive briefing and argument by the parties). The better option is to order consolidation so the same judge (and, if necessary, the same jury) can decide these closely intertwined actions together.

      **C.**      **Plaintiff's Appeal to the Interests of Judicial Economy Rings Hollow.**

Finally, Plaintiff appeals to interests of judicial economy by arguing "the first case and counterclaims have their own complexities; adding a case with a completely distinct legal theory and constitutional claim will undoubtedly cause confusion for the jury." Plf.'s Br. in Opp. (Doc #: 20, PageID #: 199).

This concern rings hollow for several reasons. First, "[c]ourts commonly instruct juries to deliberate the causes of action in a particular order coupled with additional limiting instructions that admonish the jury that certain evidence may not be considered for one claim, but only for another." *Wellington v. Lake Health Sys., Inc.*, N.D.Ohio No. 1:19-CV-0938, 2020 WL 1031537,

5

*2 (March 3, 2020). Similarly, any jury empanelled in these actions (should they be consolidated) can be instructed regarding the various legal standards applicable to the multiple claims asserted by and between the parties. That *Settles* II only involves three of the seven defendants being sued in *Settles* I makes no difference. Indeed, the *Settles* I Complaint already asserts seven claims for relief, several of which are brought against fewer than all of the defendants in that action.

Finally, the district court decisions relied on by Plaintiff are readily distinguishable. *See LSP Techs., Inc. v. Metal Imp. Co. LLC*, S.D. Ohio No. 2:10-CV-00526, 2010 WL 3447834 (Aug. 30, 2010) and *Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, N.D. Ohio No. 1:06cv1967, 2006 WL 3304218 (Nov.13, 2006). First, neither case involved the "retaliation by counterclaim" theory at issue here. More specifically, the court in *LSP Techs* was adjudicating a claim for patent infringement and denied consolidation primarily because the actions the plaintiff sought to consolidate were filed two and a half years apart. *See LSP Techs* at *3. Here, by contrast, *Settles* I and *Settles* II were filed a month apart. Similarly, the court in *Beverlly Jewerlly* denied consolidation because the actions at issue were filed one year apart in different judicial districts at opposite ends of the country. *See Beverlly Jewerlly* at *2. Although the court denied consolidation on that basis, it did order that the first action be transferred to the judicial district where the second action was pending. *Id.* at *5.

More analogous caselaw clearly supports Defendants' position. In *Kreinik v. Showbran Photo, Inc.*, S.D.N.Y. No. 02Civ.1172, 2003 WL 22339268, *10 (Oct. 14, 2003), for example, the Southern District of New York granted the plaintiff-employee's motion for leave to amend to assert a claim for "retaliation by counterclaim" against his employer after the close of discovery because allowing the plaintiff to amend his complaint (even at that late juncture) was preferable to the plaintiff filing a separate civil action. As the court explained,

6

> Finally, forcing Kreinik to institute a new action against Showbran ***would run counter to the interests of judicial economy***. Kreinik's proposed retaliation claims are related to his original claims and are also tied to his affirmative defense of unclean hands and retaliation, which he pleaded in reply to Showbran's counterclaims.[4] Allowing all of the claims and counterclaims to be litigated in a single action would avoid unnecessary duplication of effort by counsel, ultimately reduce litigation costs, and save time.

*Kreinik* at *10 (emphasis added).

The same logic compels consolidation here. *Settles* I and *Settles* II are undoubtedly related, despite Plaintiff's failure to designate them as such. Moreover, both actions will require the adjudicating courts to make decisions about the factual and legal merit of the Counterclaims asserted by Ptl. Malak and Ptl. Pitts, as well as any defenses raised by Settles in response. Allowing these issues to be litigated in a single action will undoubtedly avoid unnecessary duplication of effort, reduce litigation costs, and save time.

## II.   CONCLUSION

Pursuant to the argument and authorities cited herein, Defendants respectfully request that this Honorable Court order the consolidation of civil action no. 1:20-cv-01631-SO with civil action no. 1:20-cv-01288-DCN. Alternatively, and pursuant to Local Rule 3.1, case no. 1:20-cv-01631-SO should be reassigned to Judge Nugent as a related case.

---

[4] Settles will no doubt assert similar affirmative defenses in his answer to Pt. Malak's and Ptl. Pitts' Counterclaim in *Settles* I.

Dated: August 3, 2020 Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
Justin M. Lovdahl (0096958)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH 44308
Phone: (330) 253-5060
Fax: (330) 253-1977
E-mail: djrudary@bmdllc.com
jmlovdahl@bmdllc.com

Robert A. Hager (0040196)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Ste. 3270
Cleveland, OH 44114
Telephone: (216) 658-2155
Facsimile: (216) 658-2156
Email: rahager@bmdllc.com

Timothy J. Riley (0042007)
Office of the Law Director
City of Garfield Heights
5407 Turney Road
Garfield Heights, OH 44125
Telephone: (216) 475-0824
Facsimile: (216) 475-1124
Email: triley@garfieldhts.org

*Counsel for Defendants Michael Malak, Robert Pitts, Brian Regovich, Rob Jarzembak, William Gall, Todd Vargo, and the City of Garfield Heights*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ *Daniel J. Rudary*
          *Counsel for Defendants Michael Malak, Robert Pitts, Brian Regovich, Rob Jarzembak, William Gall, Todd Vargo, and the City of Garfield Heights*

4852-7400-2630, v. 1