UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENTA SETTLES, | ) | CASE NO. 1:20-CV-01288 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| MICHAEL MALAK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DEFENDANTS MICHAEL MALAK AND ROBERT PITTS

Now comes Plaintiff Kenta Settles and for his Answer to the pleading titled "First Amended Counterclaim of Defendants Michael Malak and Robert Pitts," answers as follows:

1. Plaintiff denies Paragraph 1 of the Counterclaim.

2. Plaintiff denies Paragraph 2 of the Counterclaim. The body camera video footage speaks for itself.

3. Plaintiff denies Paragraph 3 of the Counterclaim.

4. Plaintiff denies Paragraph 4 of the Counterclaim.

5. Plaintiff denies Paragraph 5 of the Counterclaim.

6. Plaintiff denies Paragraph 6 of the Counterclaim.

7. Plaintiff admits Paragraphs 7 through 13 of the Counterclaim.

8. Plaintiff lacks knowledge or information sufficient to form a believe about the truth of Paragraph 14 of the Counterclaim.

9.  Plaintiff lacks knowledge or information sufficient to form a believe about the truth of what Jeff Trimble knew or did not know and therefore denies Paragraph 15 of the Counterclaim but admits Plaintiff was prior to the subject incident standing in the pharmacy drive-thru line of the CVS on Turney Road in Garfield Heights.

10. Plaintiff denies Paragraph 16 of the Counterclaim and further answers by stating that body camera video footage speaks for itself.

11. Plaintiff denies Paragraph 17 of the Counterclaim.

12. Plaintiff denies Paragraph 18 of the Counterclaim.

13. Plaintiff denies Paragraph 19 of the Counterclaim except that he admits Trimble laid on his horn.

14. Plaintiff denies Paragraph 20 of the Counterclaim except that he admits he got startled and walked away.

15. Plaintiff denies Paragraph 21 of the Counterclaim and further answers by stating that the recording of the 911 call speaks for itself.

16. Plaintiff denies Paragraph 22 of the Counterclaim and further answers by stating that any dispatch recording speaks for itself.

17. Plaintiff denies Paragraph 23 of the Counterclaim.

18. Plaintiff denies Paragraphs 24 through 68 of the Counterclaim and the photograph captions contained within the Counterclaim and further answers by stating that body camera video footage speaks for itself and that the publicly available criminal dockets speak for themselves and further answers by incorporating herein the allegations set forth in Plaintiff's Complaint, Paragraphs 10 through 42 along with the photographs and captions set forth in Plaintiff's Complaint.

19. With respect to Paragraphs 69, 75, 80, 84, and 89 of the Counterclaim, Plaintiff incorporates his preceding responses as if fully re-stated herein.

20. Plaintiff denies Paragraphs 69 through 92 and further answers that with respect to Paragraphs 82 and 86 of the Counterclaim Plaintiff states that Defendants Malak and Pitts were at the time of the subject incident acting under color of law and within the course and scope of their employment.

21. Plaintiff denies Defendants Malak and Pitts are entitled to any relief and accordingly deny their prayer for relief set forth after Paragraph 92 of the Counterclaim.

## AFFIRMATIVE DEFENSES

For his affirmative defense to the allegations in the Counterclaim of Defendants Michael Malak and Robert Pitts, Plaintiff alleges and states that as follows:

1. The counterclaims of Defendants Malak and Pitts are barred by Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted;

2. The counterclaims of Defendants Malak and Pitts are barred by assumption of risk;

3. The counterclaims of Defendants Malak and Pitts are barred by self-defense;

4. The counterclaims of Defendants Malak and Pitts are barred by consent;

5. The counterclaims of Defendants Malak and Pitts are barred by the Fireman's Rule;

6. The counterclaims of Defendants Malak and Pitts are barred by estoppel;

7. The injuries, if any, sustained by Defendants Malak and Pitts were inflicted and/or caused by a fellow servant, namely one another;

8. The counterclaims of Defendants Malak and Pitts are against public policy;

9. The counterclaims of Defendants Malak and Pitts are unconstitutional;

10. The counterclaims of Defendants Malak and Pitts are barred by waiver;

11. The counterclaims of Defendants Malak and Pitts are barred by laches;

12. The counterclaims of Defendants Malak and Pitts are not supported by the facts or the law;

13. Defendants Malak and Pitts have failed to mitigate damages, if any;

14. Plaintiff reserves the right to raise additional affirmative defenses as they become known during the course of discovery.

**WHEREFORE**, having fully answered, Plaintiff prays for judgment against Defendants Malak and Pitts and requests that Defendants Malak and Pitts take nothing and that their counterclaims be dismissed with prejudice and further requests costs of suit and reasonable attorneys' fees and any other further relief to which Plaintiff is entitled and/or this Court deems just and proper.

Dated: August 4, 2020

Respectfully submitted,

*/s/ Jeremy A. Tor*
JEREMY A. TOR (0091151)
NICHOLAS A. DICELLO (0075745)
DENNIS R. LANSDOWNE (0026036)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*jtor@spanglaw.com*
*ndicello@spanglaw.com*
*dlansdowne@spanglaw.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF Systems.

*/s/ Jeremy A. Tor*
JEREMY A. TOR (0091151)
NICHOLAS A. DICELLO (0075745)
DENNIS R. LANSDOWNE (0026036)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*jtor@spanglaw.com*
*ndicello@spanglaw.com*
*dlansdowne@spanglaw.com*

***Counsel for Plaintiff***